UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONSUELA JORDAN, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 05-1706(RMU) |
| DEMOND TIGGS, | ) |
| PRETRIAL SERVICES AGENCY, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**DEFENDANT DEMOND TIGGS' MOTION FOR A MORE DEFINITE STATEMENT**

Defendant Demond Tiggs, Pretrial Services Agency, by and through counsel, respectfully moves this Court, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, for an order directing Plaintiff to provide a more definite statement outlining her claims against her former employer. Defendant seeks the requested relief because he is simply unable to discern the specific actions serving as the basis of plaintiff's federal claims.

Respectfully Submitted,

/s/ Kenneth L. Wainstein /kvm
_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/ R. Craig Lawrence
_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, DC Bar #454257
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W., Rm. E-4915
Washington, D.C. 20530
Ph:  (202) 307-0492

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONSUELA JORDAN, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 05-1706(RMU) |
| DEMOND TIGGS, | ) |
| PRETRIAL SERVICES AGENCY, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT DEMOND TIGGS' MOTION FOR A MORE DEFINITE STATEMENT**

Plaintiff filed a complaint apparently seeking reinstatement and compensation for accrued annual leave against the federal defendant. Plaintiff, however, references another case in which she purportedly sought relief for reinstatement (and for which she had representation), and further states that she will file an appeal with the Equal Employment Opportunity Commission for, among other matters, assault on her job. Accordingly, given plaintiff's reference to these other administrative and civil cases, defendant is uncertain about the claims serving as the basis for this suit.

Defendant presumes that plaintiff is claiming discrimination but fears that any speculation as to the basis for this claim might be incorrect. Defendant - solely as related to this suit - would like to know the specific actions taken by the Pretrial Services Agency which plaintiff believes are discriminatory, retaliatory or wrongful in some other way. Even if defendant's presumption that plaintiff is suing for discrimination and/or retaliation is correct, plaintiff does not describe

what efforts she undertook to exhaust her administrative remedies, and therefore, what claims are properly before this Court.[1]

Given plaintiff's complaint as currently stated, defendant simply cannot decipher what claims plaintiff intends to litigate in this suit against the Pretrial Services Agency, and accordingly, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, defendant respectfully moves for an Order of the Court directing plaintiff to provide a more definite statement outlining her claims against her former employer. In Hilska v. Jones, 217 F.R.D. 16, 21-22 (D.D.C. 2003), this Court stated

> Rule 12(e) provides defendants with a remedy for inadequate complaints that fail to meet the minimum pleading standard set forth in Rule 8(a). Fed. R. Civ. P. 8(a), 12(e); Hodgson [v. Va. Baptist Hosp., 482 F.2d 821, 823 (4th Cir. 1973)] (stating that Rule 12(e) must be read in conjunction with Rule 8(a)). Thus, "when a defendant is unclear about the meaning of a particular allegation in the complaint, the proper course of action is not to move to dismiss but to move for a more definite statement." Am. Nurses' Ass'n v. Illinois, 783 F.2d 716, 725 (7th Cir. 1986) (citing United States v. Employing Plasterers Ass'n, 347 U.S. 186 (1954)); *see also* Swierkiewicz [v. Sorema N.A., 534 U.S. 506, 514 (2002)] (recognizing that "[i]f a pleading fails to specify the allegation in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e)").

---

[1] Plaintiff should be aware that a federal employee is prohibited from filing a civil action in United States District Court under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. unless and until she has exhausted administrative remedies. See e.g, Bayer v. U.S. Department of Treasury, 956 F.2d 330, 332 (D.C. Cir. 1992); 42 U.S.C. s 2000e-16(c). The exhaustion requirement is met by first seeking informal counseling with an EEO counselor and then by filing a formal complaint with the agency. 29 C.F.R. § 1613.214(a)(1)(i). It is because conciliation and internal agency resolution, rather than litigation, are the objectives of Title VII that exhaustion of statutory administration remedies is a prerequisite to judicial relief. See Siegal v. Kreps, 654 F.2d 773, 776-77 (1981); Anderson v. U.S. Postal Service, 25 F.E.P. 938, 939 (D.D.C. 1981). As a consequence of the exhaustion requirement, a court may hear only those aspects of a Title VII claim that are within the scope of the administrative complaint, or that could reasonably be expected to grow out of that complaint. See Christopher v. Billington, 43 F.Supp.2d 39, 47 (D.D.C. 1999).

\* \* \*

[T]he court will grant relief pursuant to Rule 12(e) where the pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a respons[e]." Fed. R. Civ. P. 12(e); *see also* Ekberg v. Pennington, 2002 WL 1611641, at \*1 (E.D. La. July 19, 2002) (granting a Rule 12(e) motion where "the plaintiff's complaint pleads nothing but conclusions and provides no guidance to the defendants as to how to respond"); Bower v. Weisman, 639 F.Supp. 532, 538 (S.D.N.Y. 1986) (granting a Rule 12(e) motion because the plaintiff's claims lacked clarity and the defendant therefore could not effectively respond to the complaint); Saad v. Burns Int'l Sec. Servs., Inc., 456 F.Supp. 33, 36 (D.D.C.1978) (Green, J.) (finding that mere allegations do not suffice to state a claim and ordering the plaintiff to file a more definite statement).

Moreover, Rule 1 provides that the Federal Rules of Civil procedure should be "construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. In order to meet that goal, defendant asks that, pursuant to Rule 12(e), plaintiff be called upon to identify the alleged wrongdoing serving as the basis for her claims in this suit against the Pretrial Services Agency.

WHEREFORE, based on the foregoing, defendant respectfully requests that the Court direct plaintiff to provide a more definite statement, consistent with the above. A proposed Order consistent with the foregoing motion is attached hereto.

Respectfully Submitted,

/s/ Kenneth L. Wainstein /kvm
_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/ R. Craig Lawrence
_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, DC Bar #454257
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W., Rm. E-4915
Washington, D.C. 20530
Ph: (202) 307-0492

## **CERTIFICATE OF SERVICE**

I certify that the foregoing Defendant Demond Tiggs' Motion for a More Definite Statement was served upon the pro se plaintiff by the Court's Electronic Case Filing System and by depositing a copy of it in the U.S. mail, first class postage prepaid, addressed to:

Consuela Jordan
2227 First Street, N.W.
Washington, D.C.  20001

on this 11th day of October 2005.

/s/ Beverly M. Russell
_____
Beverly M. Russell
Assistant United States Attorney